UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARK HOLLOWAY, et al.                                                                             PLAINTIFFS

v.                                                                    CIVIL ACTION NO. 3:14-CV-00856-CRS

OHIO SECURITY INS. COMPANY                                                              DEFENDANT

**MEMORANDUM OPINION**

I.   Introduction

This dispute arose after Mark and Sandra Holloway filed a claim for water damage at their 13501 Aiken Road property (the "property") in Louisville, Kentucky. Ohio Security Insurance Company ("Ohio Security") denied the claim. The Holloways sued Ohio Security for breach of contract and bad faith.

Ohio Security moves this Court to bifurcate the two claims and stay discovery. Ohio Security also moves this Court for partial summary judgment on the bad-faith claim. The Holloways oppose bifurcation, a stay of discovery, and partial summary judgment.

For the reasons below, the Court will grant Ohio Security's motions to bifurcate and stay discovery. The Court will deny Ohio Security's motion for partial summary judgment on the bad-faith claim.

II.   Bifurcation

This Court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The decision to bifurcate falls within this Court's discretion.

1

*Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005). This Court considers "several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Wilson v. Morgan*, 477 F.3d 327, 339 (6th Cir. 2007) (citing *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)).

When resolving one issue will likely dispose of other issues, bifurcation may be particularly appropriate. *See, e.g.*, *Smith*, 403 F.3d at 407 (holding that district court did not abuse its discretion in bifurcating contract claim and bad faith claim when contract claim was dispositive of bad faith claim). Courts in this district have bifurcated contract and bad faith claims. *See, e.g.*, *Nationwide Mut. Fire Ins. Co. v. Jahic*, 2013 WL 98059 *1, *2 (W.D. Ky. 2013) ("Where the bad-faith claim depends on resolution of the underlying contractual dispute regarding the policy of insurance, it is reasonable for a court to resolve the coverage question before allowing the bad-faith claim to proceed."); *contra*, *Tharpe v. Illinois Nat. Ins. Co.*, 199 F.R.D. 213, 214 (W.D. Ky. 2001) (declining to bifurcate plaintiff's claim for basic reparation benefits from plaintiff's other first-party claims against insurer).

The Court finds that bifurcating the claims would risk minimal prejudice to the Holloways. Kentucky law does not provide a bad-faith cause of action unless the plaintiff can also prove that the insurance company had a contractual obligation to pay the claim. *See Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000). If the Holloways can prove that Ohio Security owed a contractual duty to pay their claim, and Ohio Security breached that duty to pay the claim, then the Holloways can proceed to attempt to prove Ohio Security's bad faith in the transaction. If the Court did not bifurcate the claims, the decision could be highly prejudicial to Ohio Security who would have the expense of litigating a bad-faith issue

that may never arise. Additionally, jurors may confuse the two claims, which may involve overlapping proof. Further, staying discovery will promote the interest of judicial economy.

Thus, the Holloways must prove that the Ohio Security had a contractual obligation to pay the claim before they can prevail on a potential bad-faith claim. Resolving the contractual issue could dispose of the bad-faith issue.

The Court will bifurcate the Holloways' breach of contract claim and the bad-faith claim in the interests of expediency and judicial economy.

III.  Stay of Discovery

Similar to a decision to bifurcate, this Court also has discretion to stay discovery on a bad-faith claim pending resolution of the underlying contract claim. *Smith*, 403 F.3d at 408. When the merits of a bad faith claim depend on a pending contract claim, it is reasonable for a court to stay discovery on the bad faith claim "to resolve the validity question before allowing the bad faith claim to proceed." *Id.* at 407.

Thus, in the interest of judicial economy and expediency, the Court will stay discovery of the bad-faith claim until the parties resolve the contractual dispute.

IV.  Ohio Security's Motion for Partial Summary Judgment

A party moving for summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under Kentucky law, an individual alleging a claim of bad faith must establish:

> (1) [T]he insurer [is] obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed ... An insurer is ... entitled to challenge a claim and litigate it if the claim is debatable on the law or the facts.

3

*Wittmer v. Jones*, 864 S.W.3d 885, 890 (Ky. 1993). The conduct must be sufficiently "tortious" to constitute "sufficient evidence of intentional misconduct or reckless disregard of the rights of an insured or a claimant." *Id.*

Ohio Security asks this Court to grant summary judgment on the bad-faith claim because "[t]he existence of a reasonable dispute involving a coverage issue is enough to require a judgment in favor of the insurance carrier on the bad faith claim." Def.'s Mem. Supp. Mot. Summ. J. 8, ECF No. 18-1 (citing, *inter alia*, *Empire Fire & Marine Ins. Co. v. Simpsonville Wrecker Service, Inc.*, 880 S.W.2d 886, 887 (Ky. Ct. App. 1994); *Cowan v. Paul Revere Life Ins. Co.*, 30 F. App'x 384, 387 (6th Cir. 2002)).

The Holloways respond that summary judgment is inappropriate because Ohio Security "has not given Plaintiffs the opportunity to conduct any discovery at all by making this Motion on the heels of its Motion to Bifurcate and Stay Discovery on the bad faith claims." Pl.'s Resp. Opp. Def.'s Mot. Summ. J. 1, ECF No. 24.

The Court agrees with the Holloways. Ohio Security filed its motion for partial summary judgment on the bad faith claim on April 9, 2015, less than two weeks after filing its motions to bifurcate and stay discovery on the bad-faith claim. Determining whether Ohio Security is entitled to summary judgment on that claim is premature because the Court will stay discovery on the bad-faith claim.

At this time, there is a genuine issue of material fact as to whether the property was "vacant" under the terms of the Holloways' insurance policy. The insurance policy says a building is "vacant" unless "at least 31% of its total square footage is: (i) Rented to a lessee or sub-lessee and used by the lessee or sub-lessee to conduct is customary operations; and/or (ii) Used by the building owner to conduct customary operations." Def.'s Mem. 2. The Holloways

4

argue that the building was 34.8% occupied by their tenant, Green Light Driving School. Pl.'s Resp. 3. However, the adjuster determined that the portion of the property occupied by Green Light Driving School was at most 20%. Gibbs Affid. 5, ECF No. 18-4. Given this genuine issue of material fact, it is premature for the Court to decide whether Ohio Security lacked a reasonable basis in law or fact for denying the claim on the basis of the policy's vacancy clause.

Even if there was no genuine issue of material fact as to whether the property was "vacant," summary judgment on that claim is improper at this time.

Ohio Security relies on *Empire Fire* for the proposition that a "reasonable dispute involving a coverage issue is enough to require a judgment in favor of the insurance carrier on the bad faith claim." Def. Mem. 8. However, a subsequent Kentucky Supreme Court decision clarifies that "*Empire Fire* does not stand for the proposition, suggested by Farmland, that a disputed factual matter requires dismissal of a bad faith claim as a matter of law." *Farmland Mut. Ins. Co. v. Johnson*, 36 S.W.3d 368, 375 (Ky. 2000). While an insurer retains its right to challenge and litigate a claim, "the existence of jury issues on the contract claim does not preclude the bad faith claim." *Id.* (internal quotation marks omitted). The Kentucky Supreme Court also said,

> Although there may be differing opinions as to the value of the loss and as to the merits of replacing or repairing the damaged structure, an insurance company is still obligated under the KUCSPA to investigate, negotiate, and attempt to settle the claim in a fair and reasonable manner. In other words, although elements of a claim may be 'fairly debatable,' an insurer must debate the matter fairly. As a result, Farmland was not entitled to dismissal of the bad faith claim as a matter of law.

*Id.*

More recently, the Sixth Circuit Court of Appeals reversed the district court's grant of summary judgment to an insurance company on a bad-faith claim. *Phelps v. State Farm Mut. Auto. Ins. Co.*, 736 F.3d 697 (6th Cir. 2012); *see also*, *Pedicini v. Life Ins. Co. of Alabama*, 682

F.3d 522, 530 (6th Cir. 2012) (reversing district court's grant of summary judgment to insurance company on bad-faith claim and upholding district court's grant of summary judgment to insured on breach of contract claim).  In *Phelps*, the court of appeals said,

> The Kentucky Supreme Court revisited the definition of 'fairly debatable' in *Farmland Mutual*, which clarified that '*Empire Fire* does not stand for the proposition ... that a disputed factual matter requires dismissal of a bad faith claim as a matter of law' and explained that 'the existence of jury issues on the [underlying] contract claim does not preclude the bad faith claim.'

736 F.3d at 704 (brackets in original) (quoting *Farmland*, 36 S.W.3d at 375).

*Farmland* indicates that a disputed factual matter on the contract claim does not require dismissal of the bad-faith claim as a matter of law.  36 S.W.3d at 375.  *Phelps* and *Pedicini* indicate that a district court errs in granting summary judgment to the insurance company on a bad-faith claim on the basis that the contract claim may be considered "fairly debatable."  See *Phelps*, 736 F.3d at 704; *Pedicini*, 682 F.3d at 529.

Ohio Security asks this Court to adopt the reasoning of our sister district's opinion in *Lee*. Def.'s Reply Supp. Mot. Summ. J. 5 – 6, ECF No. 25 (citing *Lee v. Med. Protective Co.*, 904 F.Supp. 2d 648 (E.D. Ky. Nov. 13, 2012)).  However, *Lee*'s procedural history differs significantly from this case because the insurance carrier settled the medical malpractice claim with the plaintiffs more than six months before the plaintiffs filed a bad-faith claim based on the insurer's post-trial behavior.  See 904 F.Supp. 2d at 651 – 52.  *Farmland*, *Phelps*, and *Pedicini* control the outcome here, and summary judgment on the bad-faith claim is inappropriate at this time.  See *Farmland*, 36 S.W.3d at 375; *Phelps*, 736 F.3d at 704; *Pedicini*, 682 F.3d at 529.

Ohio Security has not met its burden in demonstrating that it is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  The Court will deny partial summary judgment to Ohio Security on the bad-faith claim, without prejudice.

V. <u>Conclusion</u>

The Court will grant Ohio Security's motion to bifurcate the Holloways' breach of contract and bad-faith claims. The Court will grant Ohio Security's motion to stay discovery of the bad faith claim until resolution of the contract claim.

At this time, the Court will deny Ohio Security's motion for partial summary judgment on the bad faith claim, without prejudice.

The Court will enter a separate order in accordance with this opinion.

November 4, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**